UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6285-CR-SEITZ/GARBER

UNITED STATES OF AMERICA

Plaintiff,

v.

QUINCE ALBERT STEWART,

Defendant.
_____/

## GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER

The United States of America, in response to the Standing Discovery Order issued in this case, states as follows:

A.  1.  The government is unaware of any written or recorded statements made by the defendant.

2.  The defendant's oral statements before or after arrest in response to interrogation by any person then known to be a government agent are contained in the attached report. The tape recordings and transcripts of the defendant's conversations with the informant are enclosed.

3.  The defendant did not testify before the grand jury.

4.  The defendant does not have a criminal history.

5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained from or belonging to the defendants, may be inspected and copied by



or belonging to the defendants, may be inspected and copied by making an appointment with the undersigned. Some items are attached. An inventory of those items is attached.

   6. A laboratory analysis report regarding the cocaine in connection with this case will be disclosed upon receipt by the undersigned.

  B. The United States requests the discovery and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

  C. The United States is unaware of any information or material which may be favorable to the defendant on the issues of guilt or punishment within the scope of <u>Brady</u> v. <u>Maryland</u>, 373 U.S. 83 (1963) or <u>United States</u> v. <u>Agurs</u>, 427 U.S. 97 (1976).

  D. The government will disclose any records of payments, promises of immunity, leniency, or preferential treatment, made to prospective government witnesses, within the scope of <u>United States</u> v. <u>Giglio</u>, 405 U.S. 150 (1972) and <u>Napue</u> v. <u>Illinois</u>, 360 U.S. 264 (1959).

  E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. Such information will be disclosed upon receipt by the undersigned.

  F. The defendant was not identified in a lineup, showup, photo spread or similar identification procedure.

  G. The government agents and officers involved in this case have been advised to preserve all rough notes they may have taken.

  H. Any evidence made available for inspection may be offered in the government's case in chief under Federal Rule of Evidence 404(b) or otherwise.

  I. The defendant is not an aggrieved person as defined in Title 18, United States Code, Section 2510(11), that is, the defendant was not a party to any intercepted wire or oral communication or persons against whom the interception was directed.

  J. The United States has ordered transcripts of the grand jury testimony of all witnesses who will testify for the government at the trial of this case. The transcripts will be provided as required by Title 18, United States Code, Section 3500.

K. The "crack" cocaine involved in this case is currently located at the Drug Enforcement Administration Southeast laboratory in Miami, Florida. The United States will, upon request, deliver to a chemist selected by the defense, who is presently registered with the Attorney General in compliance with Title 21, United States Code, Sections 822 and 823, and 21 C.F.R. Section 101.22(8), a sufficient representative sample of any alleged controlled substance which is the subject of this indictment, to allow independent chemical analysis of such sample.

L. No automobile was seized in relation to the commission of the alleged offenses.

M. Latent fingerprints have not been recovered in this case.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
TERRENCE J. THOMPSON
Assistant United States Attorney
Court No. A5500063
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33301
(954) 356-7306
(954) 356-7228 (facsimile)
Terrence.Thompson@justice.usdoj.gov

INVENTORY OF ATTACHED ITEMS

Tape recording N-1 dated 9/20/00

Tape recording N-2 dated 9/20/00

Tape recording N-3 dated 9/20/00

Tape recording N-5 dated 9/20/00

Tape recording N-6

Tape recording N-19 dated 9/20/00

Transcript of Tape N-1 (7 pages)

Transcript of Tape N-2 (28 pages)

Transcript of Tape N-3 (7 pages)

Transcript of Tape N-5 (2 pages)

Transcript of Tape N-6 (5 pages)

Transcript of Tape N-19 (2 pages)

Photocopy of photograph of firearm seized from Stewart (N-7)

Photocopy of photographs of silver BMW (2 pages) (N-9)

Defendant's passport (9 pages)(N-10)

Defendant's resident alien card (1 page)(N-11)

Defendant's concealed weapons permit (1 page)(N-12)

Day planner seized from 6971 SW 40th St. (10 pages) (N-13)

Photocopy of photograph of 2 boxes of bullets (N-14)

Photocopy of photograph of Ohause electronic scale (N-15)

Photocopy of Acculab electronic scale (N-16)

Photocopy of photograph of BMW key (N-17)

Photocopy of Ohause triple beam scale (N18)

Photocopy of photograph of kilogram press(N-20)

INVENTORY OF ATTACHED ITEMS
===

Address book seized from person of Raynor James (N-27)

Receipt and insurance cards seized from BMW (N-28)

DEA 7 reports (4 pages) (Exhibits 1-4)

DEA 7a reports (9 pages)

DEA 6 report of defendant's post-arrest statements (2 pages)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Government's Response to Standing Discovery Order was served by Federal Express Mail this 7th day of November, 2000, upon: Jason Grey, Esq., 1571 NW 13th Court, Miami, FL 33125.

_____
TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY