UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

QUINCE ALBERT STEWART,

Defendant.
_____/

Case No. 00-6285-CR-Seitz
Mag. Garber

**MOTION TO SUPPRESS**

**COMES NOW THE DEFENDANT**, QUINCE ALBERT STEWART, and does hereby file this Motion to Suppress in the above-captioned case. Pursuant to the Federal Rules of Criminal Procedure, the Defendant requests this Honorable Court to suppress as evidence at the time of the trial in the above-styled cause all physical evidence seized by the police during the warrantless search of a silver BMW, to wit: approximately 5 kilograms of cocaine and in support thereof, the Defendant would show the following:

1. On September 20, 2000, members of the DEA Southeast Florida Regional Task Force executed a search warrant at the defendant's residence, located at 6971 S.W. 40th Street in Miramar, Florida.

2. While conducting their search, the agents located an automobile key, which appeared to belong to a BMW.

3. The agents then located a silver BMW parked within the residential complex where the defendant resides, a short distance from his home (approximately two city blocks).

4. With the defendant already in custody and the key to the vehicle in their possession, the agents then, without a warrant, proceeded to search the

vehicle and located, in the trunk, the narcotics which are the subject of this motion.

5. The government now seeks to introduce evidence of this seizure at trial in the instant cause.

6. The search in question was conducted without a warrant and does not fall within any legally cognizable exception to the warrant requirement.

7. Therefore, admission of this evidence would constitute a violation of the defendant's right to be free from unreasonable searches and seizures as guaranteed by the Search and Seizure Clause of the Fourth Amendment to the United States Constitution.

# MEMORANDUM OF LAW

## Introduction

There are several basic Constitutional principles which apply in all cases involving warrantless searches and seizures. The most basic of these is that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment, subject only to a few specifically established and well delineated exceptions." Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 514. These exceptions are "jealously and carefully drawn." Jones v. United States, 357 U.S. 493, 499, S.Ct. 1253, 1257. In addition, there must be "a showing by those who seek exemption that the exigencies of the situation made that course imperative." McDonald v. United States, 355 U.S. 451, 456, 69 S.Ct. 191, 193. Lastly, "the burden is on those

seeking the exemption to show the need for it." United States v. Jeffers, 342 U.S. 48, 51, 72 S.Ct. 93, 95. An examination of the case law dealing with the issues relevant to the search in the case now before the court, reveals that the government cannot meet it's burden.

## Mobility Requirement

In 1925, The Supreme Court decided the case of Carroll v. United States, 267, U.S. 132, 45 S.Ct. 280, 69 L.Ed 543. Carroll dealt with the roadside, Prohibition-era search of an automobile suspected to contain contraband liquor. The Court held that the police may search an automobile without a warrant whenever they have probable cause to believe that the vehicle contains contraband. In explaining the reasoning behind it's decision, the Court stated that there is

> "a necessary difference between a search of a store, dwelling house, or other structure in respect of which a proper official warrant readily may be obtained and a search of a ship, motor boat, wagon, or automobile for contraband goods, where it is not practicable to secure a warrant, **because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought.**" 267 U.S., at 153, 45 S.Ct., at 285.

Thus, the inherent "mobility" of an automobile supplied the basis for the Court's ruling and the "automobile exception" to the warrant requirement was born.

In 1971, The Supreme Court expanded and further defined the mobility requirement to the automobile exception in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022. Coolidge was arrested at his home and charged with the murder of a fourteen year old girl. A search warrant was simultaneously executed at his residence. His automobiles, which

were parked in his driveway but not referred to in the warrant, were impounded and later searched by police. The state then sought to introduce evidence at trial which was located during the search of the automobiles. In finding that the search of the vehicles violated the Fourth Amendment, The Court stated "even granting that the police had probable cause to search the car, the application of the Carroll case to these facts would extend it far beyond it's original rationale." <u>Coolidge</u>, at 458. The Court recognized that the <u>Carroll</u> decision had carved out an exception to the warrant requirement that was based on the "mobility" of an automobile. In holding that the automobile exception established in <u>Carroll</u> could not apply to facts such as those presented by <u>Coolidge</u>, the Court reasoned as follows:

> "Coolidge was arrested inside the house…there was no way in which he could gain access to the automobile after the police arrived on his property… the Coolidge premises were guarded throughout the night by two policemen." <u>Coolidge</u>, at 461.

That passage was followed by this footnote:

> "It is frequently said that occupied automobiles stopped on the open highway may be searched without a warrant because they are 'mobile,' or 'movable'… In this case, it is, of course, true that even though Coolidge was in jail, his wife was miles away in the company of two plainclothesmen, and the Coolidge property was under the guard of two other officers, the automobile was in a literal sense 'mobile.' A person who had the keys and could slip by the guard could drive it away. **We attach no Constitutional significance to this sort of mobility.**
>
> First a good number of the containers that the police might discover on a person's property and want to search are equally movable, e.g., trunks, suitcases,

boxes, briefcases, and bags. How are such objects to be distinguished from an unoccupied automobile—not then being used for any illegal purpose—sitting on the owner's property? It is true that the automobile has wheels and it's own locomotive power. But given the virtually universal availability of automobiles in our society there is little difference between driving the container itself away and driving it away in a vehicle brought to the scene for that purpose. Of course, if there is a criminal suspect close enough to the automobile so that he might get a weapon from it or destroy evidence within it, the police may make a search of appropriately limited scope. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685. See II-A of the text, supra. But if Carroll v United States, 267 U.S. 132, 45 S.Ct. 280, 69 L. Ed. 543, permits a warrantless search of an unoccupied vehicle, on private property and beyond the scope of a valid search incident to an arrest, then it would permit as well a warrantless search of a suitcase or a box. We have found no case that suggests such an extension of Carroll." Coolidge, at 461. FN18.

The Court concluded it's discussion of this topic by stating "In short, by no possible stretch of the legal imagination can this be made into a case where "it is not practicable to secure a warrant," Carroll, supra at 153, and the "automobile exception," despite it's label, is simply irrelevant." Coolidge, at 462. The factual similarities between Coolidge and the case at bar make the logic of that decision equally applicable here.

The defendant in the instant case was arrested in his home and a search warrant was simultaneously executed at his residence. The automobile in question was located near the defendant's home, in a private parking area. The police had the key to the automobile in their possession, the Co-defendant was also in custody, and numerous law

enforcement officers were located near or around the vehicle. To argue that this vehicle was "mobile" for purposes of the automobile exception would be illusory, and would directly conflict with the holdings of the Coolidge Court. Moreover, prior to arriving at the issue of "mobility," the government must establish that law enforcement officers had probable cause to believe that the vehicle in question contained narcotics. The government cannot meet it's burden in this regard either.

### Probable Cause

In general, probable cause sufficient to justify the search of an automobile exists "when the facts and circumstances would lead a reasonably prudent person to believe that the vehicle contains contraband." United States v. Clark, 559 F2d. 420 (5th cir), 434 U.S. 969. In determining what is reasonable "the totality of the circumstances and the inferences that flow therefore" are examined. Clark at 424.

In the case at bar the police had no information that narcotics were being stored or transported in the vehicle in question. The government is going to claim that observations made by law enforcement officials (specifically that the defendant put a box in the trunk of the car) provided the necessary probable cause to conduct the search. That argument, in light of the relevant case law, must fail.

WHEREFORE, defendant requests this Honorable court to enter its order suppressing the narcotics seized from the silver BMW in question by law enforcement officers in this cause.

Respectfully submitted,

JASON P. GREY, ESQ.
Attorney for the Defendant
Fla Bar No. 103438
1571 N.W. 13th Court
Miami, Florida  33125
(305) 325-8119

The undersigned has discussed the matter with opposing counsel but has not been able to resolve the issues raised herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was mailed this 10th, day of January 2001, to:

Kathleen Rice
Assistant United States Attorney
500 East Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394

Carl H. Lida, P.A.
Attorney for Co-Defendant
8751 West Broward Blvd., Suite 305
Plantation, FL 33324

JASON P. GREY