UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



NIGHT BOX
FILED

JAN 1 6 2001

CLARENCE MADDOX
CLERK, USDC/SDFL/MIA

CASE NO. 00-6285-CR-SEITZ/GARBER

UNITED STATES OF AMERICA )
)
    Plaintiff, )
)
vs. )
)
)
QUINCE ALBERT STEWART, )
)
    Defendant. )
_____)

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and hereby files its response in opposition to the defendant's Motion to Suppress Evidence and states as follows:

1. The defendant has been charged in a three-count indictment with conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine and using or carrying a firearm during and in relation to a drug trafficking crime;

2. The defendant is moving to suppress the five kilograms of cocaine seized from the defendant's automobile outside his residence. The defendant asserts that the warrantless search of the automobile violated his Fourth Amendment rights as the search does not fall within any cognizable exception to the warrant requirement. Therefore, the defendant claims that the narcotics discovered during the course of the warrantless search should be suppressed; and

3.     The government submits that the narcotics were discovered during a permissible search of the defendant's automobile. The search of the automobile falls clearly within the recognized automobile exception to the warrant requirement as there was probable cause to believe that narcotics were within the vehicle and there existed exigent circumstances which necessitated the search. Consequently, the narcotics found within the automobile are properly admissible and should not be suppressed.

## MEMORANDUM OF LAW

It is well-settled that a police officer may conduct a warrantless search of an automobile if (1) there exists probable cause to believe the vehicle contains contraband and (2) exigent circumstances necessitate a search or seizure. *United States v. Talley*, 108 F.3d 277, 281 (11th Cir. 1997).

With respect to the first element, the government clearly had probable cause to believe that the BMW contained narcotics. First, the agents had maintained surveillance of both the residence and the BMW which was parked outside the residence. After the confidential source left the house carrying a sample of cocaine, the agents observed Defendant Stewart and Defendant Raynor James exit the residence with Stewart carrying a box consistent with the size of five kilograms of cocaine. Stewart placed the box in the trunk of the BMW. Stewart and James then drove the BMW to a location approximately 200 yards from the residence. They returned to the residence and watched the BMW from there. Second, subsequent to the arrest of the defendants, the agents recovered a BMW key in the residence. Stewart and James, however, both denied any knowledge of the BMW. Third, subsequent to the arrest of the defendants and prior to the search of the vehicle, a narcotics canine, operated by Hollywood Police Department

K-9 Officer Truntz, alerted to the trunk of the BMW for the presence of narcotics. In light of these factors, law enforcement clearly had probable cause to believe that narcotics were present in the automobile.

With respect to the existence of exigent circumstances, the government submits that the inherent potential for mobility satisfies the exigency requirement. *See United States v. Brazel*, 102 F.3d 1120, 1147 (11th Cir. 1997); *United States v. Forker*, 928 F.2d 365 (11th Cir. 1991). Although one key to the BMW was found inside the residence, it was unknown how many sets of keys there were to the vehicle. Further, photographs found in the residence indicated that Stewart's wife had access to the vehicle and her whereabouts were unknown by law enforcement. Therefore, even though Stewart was in custody at the time, he had denied ownership of the vehicle and it was unknown whether another individual would have access to the vehicle before a search warrant could be secured. Accordingly, law enforcement acted properly in searching the automobile before the evidence could be driven away or destroyed.

WHEREFORE, the government respectfully requests that the defendant's motion to suppress evidence be denied in all respects.

                                                Respectfully submitted,

                                                GUY A. LEWIS
                                                UNITED STATES ATTORNEY

By: _____
            KATHLEEN RICE
            ASSISTANT UNITED STATES ATTORNEY
            Florida Bar Number 100765
            500 East Broward Boulevard
            Seventh Floor
            Fort Lauderdale, FL 33394
            (954) 356-7255, ext. 3512
            (954) 356-7336 (FACSIMILE)

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing Response to Defendant's Motion to Suppress Evidence was served by United States mail this 16th day of January, 2001, to: Carl Lida, Esquire, 8751 West Broward Boulevard, Suite 305, Plantation, Florida 33324 and Jason Grey, Esquire, 1571 N.W. 13th Court, Miami, Florida 33125.

KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY