UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

QUINCE ALBERT STEWART,

    Defendant.
_____/

Case No. 00-6285-CR-SEITZ

## OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT AND INCORPORATED MEMORANDUM OF LAW

The Defendant, QUINCE ALBERT STEWART, by and through undersigned counsel, hereby files these Objections to the Pre-Sentence Investigation Report. The Defendant objects to the following:

1. The defendant objects to the omission of a three-level reduction in paragraph sixty-three of the Pre-Sentence Investigation Report. The defendant has provided an Acceptance of Responsibility statement to the Department of Probation (Attached hereto as defendant's Exhibit 1), and therefore, should be entitled to a three-point reduction.

2. The defendant objects to the omission of a two-level reduction in paragraph sixty-three of the Pre-Sentence Investigation Report. According to the plea agreement in the above-styled cause a two-level reduction was recommended pursuant to §2D1.1b(6). The Department of Probation has

sought to deny the defendant the two-level reduction, as well as a sentence without regard to any minimum mandatory term, based on his possession of a firearm during his arrest. The Department of Probation states that the defendant fails to meet the criteria set forth in 5C1.2(2). This view should be rejected by this Court.

**LAW AND ARGUMENT IN SUPPORT OF DOWNWARD DEPARTURE**

It is well settled that a District Court has the statutory authority to depart from the guidelines in those cases in which the Court finds "an aggravating or mitigating circumstance of a kind or to a degree not adequately taken into consideration by the sentencing commission." §5K2.0 (Grounds for Departure) Koon v. United States 116 S.CT 2035 (1996); United States v. Bristow. 110 F.3d 754 (1997). There exists no doubt that a departure from the sentencing guidelines is a discretionary judgment. Therefore, when sentencing, "a court may consider a great range of information when choosing a departure sentence than was considered when the Sentencing Commission calculated the guidelines range." U.S.S.G. Sec.1 (B) 1.4. "Heartland" cases are the "typical" cases wherein a court can prescribe like punishment for like crimes, thus eliminating disparity. It is the Defendant's contention that this is not a "Heartland" case. The guidelines state as follows: "When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted," U.S.S.C.G., Ch 1, Pt, A, intro, 4(b) (1988). In the present case the court should consider a downward departure from the sentencing guidelines when sentencing the

defendant because the guidelines did not consider the facts in the case at bar. A careful review of the available evidence in the case at hand clearly indicates that the defendant neither used nor possessed a firearm during the actual commission of the offense. On September 20, 2000, members of the DEA Southeast Florida Regional Task Force executed a search warrant of the defendant's residence. An extensive search of the defendant's home failed to reveal contraband. The defendant was subsequently searched and found to be in possession of a firearm. The defendant's possession of the firearm was in full compliance with the criteria set forth in Florida Statute §790.06 (The defendant is licensed to carry a concealed weapon of firearm under said statute). Clearly, the Sentencing Commission envisioned armed trafficking cases to consist of an individual carrying or using a firearm while actually involved in the sale or purchase of drugs. The third Circuit reports that, "{t} he threshold question in any departure case is whether the facts, found by the... Court, fall within the "heartland." <u>United States v. Tsai</u>, 954 F. 2d 155, 164. Clearly the circumstances present in this case removes it from the "heartland" of cases contemplated by the guidelines.

Apart from the fact that the defendant's possession of a firearm in this case was not possession of the nature that the Sentencing Commission sought to punish, the case at bar falls out of the "Heartland" for another, perhaps even more compelling reason.

Raynor James, the co-defendant in this case, was sentenced to 27 months in prison in March of 2001. The P.S.I. states that the defendant should be

sentenced to 180 months. This potential disparity, especially in light of the respective roles played in the offense by these co-defendants, is shocking, and removes this case from the guidelines "heartland." Raynor James played a role in this offense which was equal to, if not greater than, the role played by the defendant. James was the connection to the C. I. in this case. Therefore, he conducted the majority of the negotiations and had far more discussions with the C. I. than did the defendant. The only detail separating the defendant from Raynor James is the fact that he was unfortunate enough to have had a firearm in his possession at the moment of his arrest. Moreover, as previously touched upon, the defendant was not arrested during a narcotics transaction or in close proximity to narcotics. He was, in fact, arrested in his own home while in possession of a firearm that he was licensed to carry. Certainly, that fact alone must not result in a situation where the defendant receives a sentence six and one half times more severe than that of his equally culpable co-defendant.

As other courts have pointed out, "The Sentencing Commission has not prescribed any consideration of the disparities in sentences as a categorical matter. However, 18 U.S.C. § 3553(a) provides that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subjection. The Court, in determining the particular sentence to be imposed, shall consider...(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." U.S. v. Miranda, 1998 U.S. Dist. LEXIS 4917. This sort of unjustified disparity is precisely what the court must

avoid in this case. Therefore, the defendant requests that the Court grant a downward departure of a degree sufficient to ensure that the defendant receives a sentence which is not wholly disparate from that which his co-defendant was given. Lastly, the Government recognized these issues when formulating a plea contract, and included language expressing its belief that the above departure may be warranted.

**WHEREFORE**, the Defendant, QUINCE ALBERT STEWART, submits these objections to the Pre-Sentence Investigation Report.

Respectfully submitted,

JASON P. GREY, ESQ.
FL Bar No. 817694
1571 Northwest 13th Court
Miami, Florida 33125
TEL: (305) 325-8119

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed to United States Probation, 300 N.E. 1st Avenue, Room 315, Miami, Florida 33132-2126 and to the Office of the United States Attorney, 99 NE 4th Street Miami, Florida 33132-2111, this 11th day of May 2001.

JASON P. GREY